# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARRY NICHOLSON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) NO. ) |
| v. | ) ) |
| WELLO, INC., | ) ) |
| Defendant. | ) ) ) ) |

## NOTICE OF REMOVAL

Defendant WELLO, INC. ("WELLO") hereby provides notice pursuant to 28 U.S.C. §§1441 and 1446 of the removal of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

**I.  CLAIMS ASSERTED AND RELIEF SOUGHT**

1. Plaintiff, HARRY NICHOLSON ("Nicholson"), purports to state a claim against WELLO under the Illinois Biometric Information Privacy Act 740 ILCS 14/1, et seq. ("BIPA"). (See Exhibit A, Class Action Complaint). Nicholson seeks declaratory relief, injunctive relief, statutory and other damages associated with the alleged violations of BIPA by Defendant. (*Id.*).

2. More specifically, Nicholson alleges that, that WELLO breached sections 15(a) and 15(b) of BIPA.

3. Nicholson asserts that pursuant to BIPA, a private entity may not obtain or possess biometrics from any individual unless that entity first institutes, publishes publicly and adheres to written retention schedules and guidelines for permanent destruction of the biometric data under

Section 15(a), (*Id*. at ¶73) and (a) informs the individual in writing of the specific purpose and length of term for which that biometric data is being collected, stored and used; (b) and (c) receives a written release from the person for the collection of such biometric data under Section 15(b). (*Id*. at ¶82).

4. Nicholson alleges that WELLO disregarded these alleged obligations and instead unlawfully collects, stores, and uses employees' biometric identifiers and information, without ever receiving the individual informed written consent required by BIPA. (*Id*.at ¶82).

5. Nicholson purports to represent a class of individuals who were "[a]ll individuals in the State of Illinois who had their facial geometry, biometric identifiers, and/or biometric information collected, captured, received, or otherwise obtained, maintained, stored, disclosed, or disseminated by Defendant during the applicable statutory period." (*Id*. at ¶ 57).

6. Nicholson, on behalf of himself and the prospective class members seeks damages including 1) injunctive relief; 2) statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA; 3) $1,000 for *each* negligent violation of BIPA; 4) litigation expenses and attorneys' fees and 5) pre- and post-judgment interest. (*Id*. at *Prayer For Relief*). WELLO disputes that Nicholson or any purported class member, if a class is certified, is entitled to any damages.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446.**

7. This case is subject to removal under 28 U.S.C. §§ 1332, 1441 and 1446. As set forth below, this is a putative class action in which (A) Plaintiff and all those similarly situated are domiciled in Illinois; (B) Defendant is not a citizen of Illinois; and (C) the aggregate amount in controversy allegedly exceeds $75,000.

A. **Diversity of Citizenship**

8. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

4832-0612-2467.1

as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

9. A corporation like WELLO, is an incorporated association and is a citizen of the state where it has its principal place of business as well as the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Here, WELLO is a Texas corporation and has its principal place of business in Texas. (Ex. A, at ¶14; Exhibit B, Declaration of Lauren Berk,¶3).

10. Plaintiff brings this suit on behalf of a putative class of individuals "[a]ll individuals in the State of Illinois who had their biometric identifiers and/or information collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. A, ¶ 57). Nicholson alleges he is a resident of the State of Illinois. (*Id.* ¶ 15).

11. Thus, there is diversity of citizenship between all prospective class members, including the Nicholson (Illinois) and WELLO (Texas).

B. **THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

12. Nicholson alleges damages of $5,000.00 for *each* violation of BIPA for each class member, which remains uncertain but is allegedly thousands of members. Therefore, on good faith information and belief, Plaintiff is seeking damages in excess of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (stating "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

13. Therefore, the United States District Court of the Northern District of Illinois has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2)(c)(1), as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.

14. Pursuant to 28 U.S.C. § 1441(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit C.

15. Plaintiff's Complaint was served on WELLO on March 8, 2021 (See Ex. B, ¶4). Section 1446(b)(1) requires a notice of removal to be filed within thirty days of the service of a complaint upon the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (Thirty-day time limit for removal runs from date of formal service of the initial complaint). Accordingly, the time period for WELLO to file its Notice of Removal runs to April 7, 2021. Because this Notice was filed on April 6, 2021, it was timely filed.

16. The United State District Court for the Northern District of Illinois presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 93(c), 1441(a).

17. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court.

### IV. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, WELLO respectfully demands a jury trial on all triable issues in this action.

### CONCLUSION

WHEREFORE, Defendant WELLO, Inc., respectfully requests that this action be removed from the Circuit Court of Cook County, Illinois, and that this court accept jurisdiction over this action and place it on this court's docket for further proceedings, as though it was originally initiated in this court.

4832-0612-2467.1

Date: April 2, 2021

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

By: /s/ Thomas M. Wolf
One of the Attorneys for Wello Inc.

Josh M. Kantrow – Josh.Kantrow@lewisbrisbois.com
Thomas M. Wolf – Thomas.Wolf@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312-345-1718
F: 312-345-1778
*Attorneys for Wello, Inc.*

4832-0612-2467.1